UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGREDION, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>TIMMERMAN STARLITE TRUCKING, INC., a California corporation,<br><br>             Defendant. | No.  2:19-cv-01876-JAM-AC<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT** |
| TIMMERMAN STARLITE TRUCKING, INC., a California corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>INGREDION, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>             Defendant. | |

In August 2019, Timmerman Starlite Trucking ("Starlite") sued Ingredion for breach of contract in San Joaquin County Superior Court. Exh. A to Notice of Removal ("Compl."), ECF No. 1. Ingredion removed the case to federal court a month later.

1

See Notice of Removal. The Court then related Starlite's case against Ingredion to an action Ingredion filed against Starlite in June 2019. Related Case Order, ECF No. 6. Shortly thereafter, the parties stipulated to consolidating the two cases. Stipulation and Order, ECF No. 13.

At issue now is Starlite's motion to amend its complaint. See Mot. to Amend ("Mot."), ECF No. 11. Starlite seeks to bring an additional breach of contract claim against Ingredion. Id. at 6. Ingredion opposes the motion, arguing the proposed amendment would cause impermissible delay and comingle unrelated issues, resulting in "additional costs and confusion." Opp'n, ECF No. 2. Timmerman filed a reply to address these arguments. Reply, ECF No. 15.[1] The Court does not find that Starlite's proposed amendment is so delayed or unrelated to the issues before the Court that granting leave to amend would unduly prejudice Ingredion. For the reasons discussed below, Starlite's motion to amend is GRANTED.

I. BACKGROUND

Starlite is a California corporation. Mot. at 2. It specializes in "transportation of frozen and refrigerated goods, harvest operations, and bulk ingredients through a full-service freight line." Id. Ingredion is a Delaware corporation. Id. It "manufactures ingredient solutions [such as] sweeteners, starches, nutrition ingredients, and biomaterials." Id.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 14, 2020.

2

At the beginning of 2017, Ingredion and Starlite entered into two five-year contracts. Mot. at 2-3. The Ingredient Shuttle Agreement ("Shuttle Agreement") designated Starlite as Ingredion's "exclusive provider" for certain on-site transportation, handling, and cleaning services relating to Ingredion's wet corn gluten feed at its milling plant in Stockton, California. Mot. at 2; Opp'n at 2; see also Exh. A to Compl. The Truck Transportation and Brokerage Agreement ("Master Carrier Agreement") required Starlite to, as needed, provide freight and brokerage services for Ingredion's Buffalo Corn Wet Feed from its Stockton plant to surrounding farms. Mot. at 2-3; Opp'n at 2-3.

Nearly two years into the agreements, Ingredion notified Starlite that it was ending its manufacturing operations at the Stockton plant. Mot. at 3; Opp'n at 3. In response, Starlite sued Ingredion for breach of contract—but only under the Shuttle Agreement. See Compl. ¶¶ 28-33. Starlite's proposed amendment would allege Ingredion's decision to cease operations at its Stockton plant also breached the Master Carrier Agreement.

II. OPINION

A. Evidentiary Objections

Starlite filed a declaration by its attorney, Meghan Baker, to supplement its motion. ECF No. 11-2. Ingredion objects to paragraphs 2-5 and paragraphs 7-9 of Baker's declaration, along with lines 1-5 of paragraph 6. Opp'n at 7-8. Ingredion argues the Court should strike these portions of the declaration because Baker failed to establish she has personal knowledge and

3

failed to authenticate the documents attached to her declaration. Id. Starlite opposes these objections, in part, but because the opposition falls outside the Court's page limits, the opposition is not properly before the Court and will not be considered. See Order re Filing Requirements, ECF No. 7-2.

A declarant "may testify to a matter only if evidence is introduced sufficient to support a finding that [she] has personal knowledge of the matter." FRE 602. The Court agrees with Ingredion that Baker failed to establish she has personal knowledge of the information contained in paragraphs 2-5, lines 1-5 of paragraph 6, lines 3-5 of paragraph 8, paragraph 9, and Exhibit 2. The Court sustains Ingredion's objection with respect to these statements and has not considered them in its analysis. The Court, however, overrules Ingredion's objections to paragraph 7, lines 1-2 of paragraph 8, and Exhibit 1. Baker has been an attorney of record on this case since its inception; common sense counsels the finding that these statements are supported by her personal knowledge.

B. Analysis

Before a court issues the scheduling order in a case, it must "freely grant leave to amend when justice so requires." Fed. R. Civ. Proc. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962). "Amendments seeking to add claims are to be granted [even] more freely than amendments adding parties." Union Pacif. R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991). Rule 15(a)(2)'s mandate rests upon the notion that "[i]f the underlying facts or circumstances relied upon by a plaintiff

4

may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182.

In light of Rule 15(a)'s text and purpose, the Ninth Circuit has instructed that "[c]ourts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman, 371 U.S. at 182) (modifications in original). Of paramount importance is the prejudice that allowing an amendment would work upon the other party. Howey v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973). The fact that there was some delay in requesting the amendment, however, carries far less weight. See Sonoma County Ass'n of Retired Employees, 708 F.3d at 1118. Indeed, Rule 15 may compel granting leave to amend even when a suit has been ongoing for several years—"the mere fact that an amendment is offered late in the case . . . is not enough to bar it." Id. (internal quotations omitted) (modifications in original).

Ingredion first argues the Court should deny Starlite's motion to amend because it is a bad faith attempt to delay litigation. Opp'n at 4-5. Starlite states it failed to include two breach of contract claims in its initial complaint because it misunderstood the relationship between the Shuttle Agreement and the Master Carrier Agreement. Mot. at 4. Starlite

5

purportedly understood the two agreements—both signed on the same day and for a five-year term—as a singular contract. Id. Ingredion contends the proposed amended complaint undermines this explanation. Id. The proposed amended complaint alleges that, before Ingredion shut down its Stockton plant, the parties discussed both agreements and whether termination of either agreement would constitute breach. Proposed First Amended Complaint ¶¶ 30-31, ECF No. 11-2. Ingredion's argument appears to be that if the parties previously discussed the existence of two agreements, Starlite could not have understood the agreements as separate parts of a singular contract. The Court does not agree that the conclusion Ingredion proffers necessarily flows from the premise set forth in Starlite's proposed complaint.

Ingredion does not identify any other conduct that would suggest Starlite is acting with improper motives. Indeed, the timing of Starlite's motion to amend indicates a good-faith attempt to promptly remedy a mistake. Starlite filed its initial complaint in August 2019. It met and conferred with Ingredion about amending its complaint less than three months later. See Baker Decl. ¶ 6. Ingredion does not cite any cases where a finding of bad faith rested on circumstances similar to those present here. Nor does this Court find a basis for arriving at such a conclusion.

Ingredion also argues the Court should deny Starlite's motion because the proposed amendment would cause undue prejudice. Opp'n at 6-7. It maintains the Master Carrier Agreement is "a wholly different agreement" than the Shuttle

Agreement. Opp'n at 6. It was signed by a different Ingredion employee and contains a different choice-of-law clause. Id. at 6-7. Litigating a breach of contract claim under the Master Carrier Agreement, Ingredion contends, would "involve different discovery and different Ingredion witnesses, leading to additional expense" and jury confusion. Id. at 6. But the persuasiveness of Ingredion's arguments falls with its lack of specificity. Ingredion does not explain why it would incur more expense by litigating these claims together than by litigating them separately. Nor does it argue that it would disproportionately bear the costs of expanding the scope of this litigation.

The Court is likewise unpersuaded that allowing Starlite's amendment would risk jury confusion. See id. at 6. Given proper guidance by the attorneys and the Court, jurors in this case will undoubtedly be able to appreciate the nuanced differences between two contracts.

The Court does not find that allowing Starlite's proposed amendment would cause Ingredion undue prejudice. Accordingly, Starlite's motion is granted.

C.  Page Limits

The Court's Order re Filing Requirements ("Order"), ECF No. 7-2, limits memoranda in support of and opposition to motions to dismiss to fifteen pages. Order at 1. It limits reply memoranda to five pages. A violation of the Order requires the offending counsel (not the client) to pay $50.00 per page over the page limit to the Clerk of Court. Id. The Court does not consider arguments made past the page limit. Id. Starlite's reply brief

exceeded the page limit by three pages. Starlite's counsel must therefore send a check payable to the Clerk for the Eastern District of California for $150.00 no later than seven days from the date of this Order.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Starlite's motion to amend. The First Amended Complaint attached to Starlite's motion is deemed filed as of the date of this order. Ingredion is ordered to file its responsive pleading within twenty (20) days of this order.

IT IS SO ORDERED.

Dated: January 30, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE