Janice P. Brown (SBN: 114433)
jbrown@meyersnave.com
Arlene R. Yang (SBN: 297450)
ayang@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
600 B Street, Suite 1650
San Diego, CA 92101
Telephone: 619.330.1700
Facsimile: 619.330.1701

*Attorneys for Plaintiff / Defendant*
INGREDION INCORPORATED

(additional counsel on signature page)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| INGREDION INCORPORATED, a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TIMMERMAN STARLITE TRUCKING INC., a California corporation,<br><br>　　　　Defendant.<br>_____<br><br>TIMMERMAN STARLITE TRUCKING, INC., a California corporation,<br><br>　　　　Plaintiff.<br><br>　v.<br><br>INGREDION INCORPORATED, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:19-cv-01167-JAM-AC<br><br>**STIPULATION TO FILING OF INGREDION INCORPORATED'S FIRST AMENDED ANSWER TO TIMMERMAN STARLITE TRUCKING, INC.'S FIRST AMENDED COMPLAINT; AND ORDER**<br><br>Date Action Filed: June 21, 2019<br>Trial Date: May 24, 2021<br>Judge: John A. Mendez<br><br>**AND**<br><br>2:19-CV-01876-JAM-AC<br><br>Date Action Filed: August 13, 2019 |

**PLEASE TAKE NOTICE THAT IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES THROUGH THEIR ATTORNEYS OF RECORD THAT:**

INGREDION INCORPORATED ("Ingredion") and TIMMERMAN STARLITE TRUCKING, INC. ("Starlite"), by and through their respective counsel of record submit the following Stipulation for Filing By Ingredion of its First Amended Answer to Starlite's First Amended Complaint. Ingredion and Starlite are collectively referred to herein as the "Parties."

## RECITALS

A. Ingredion and Starlite entered into an Ingredient Shuttle Agreement (the "Shuttle Agreement") for Starlite to provide transportation and other services to Ingredion at its corn wet milling plant in Stockton, California.

B. The term of the Shuttle Agreement was January 1, 2017, through December 31, 2021. Ingredion terminated the Shuttle Agreement in 2018, citing economic conditions.

C. On June 21, 2019, Ingredion filed a declaratory relief action, Case No. 2:19-cv-01167-JAM-AC (the "Ingredion Action"), seeking a determination of whether its termination was pursuant to the terms of the Shuttle Agreement or in breach thereof; whether Ingredion is liable to Starlite for any damages attributable to the termination of the agreement; and whether or not Starlite has reasonably mitigated its damages.

D. On August 13, 2019, Starlite filed an action in the Superior Court of San Joaquin County, Case No. STK-CV-UBC-2019-10528 asserting a cause of action against Ingredion for breach of the Shuttle Agreement and for declaratory relief related to the same (the "Starlite Action").

E. On September 17, 2019, Ingredion removed the Starlite Action to the United States District Court, Eastern District of California, and thereafter provided required notice to Starlite and the aforementioned courts.

F. On September 24, 2019, this Court entered a Related Case Order, relating the Ingredion Action and the Starlite Action to be heard before the Honorable John A. Mendez and Magistrate Judge Claire Allison, Case No.: 2:19-CV-01167-JAM-AC and Case No.: 2:19-CV-01876-JAM-AC.

G. On January 30, 2020, Starlite filed its First Amended Complaint in the Starlite Action, added a breach of contract claim against Ingredion for breach of a "Truck Transportation and Brokerage" contract (the "Master Carrier Agreement") and augmented the existing declaratory relief claim to include relief related to this additional contract.

H. On February 19, 2020, Ingredion answered Starlite's First Amended Complaint and asserted certain defenses, including that Ingredion's termination of the Shuttle Agreement and the Master Carrier Agreement did not constitute a breach of those agreements, and that even if a breach did occur, any such breach was excused by the doctrines of impracticality, impossibility and force majeure.

I. The Parties have initiated the discovery process, including the production of documents, and have agreed to a continuance of discovery deadlines to account for delays attributable to the Covid-19 pandemic.  Depositions have been noticed, but have been or will be rescheduled.

J. During the discovery process, Starlite propounded Requests for Production, Set One, seeking (among other things) discovery regarding the reasons for the closure of Ingredion's Stockton Plant and certain financial records. Ingredion objected to the scope and relevance of the discovery sought by Starlite and refused to produce the requested documents.

K. On September 16, 2020, Starlite filed a motion to compel Ingredion to produce documents regarding the reasons for the closure of its Stockton Plant and certain financial records.  The parties filed a Joint Statement of Discovery Dispute on October 7, 2020, which was granted by Magistrate Judge Allison Claire on October 21, 2020, and which ordered Ingredion to produce the documents by

November 2, 2020.  Ingredion has not yet produced these documents due to the unavailability of its client contact until earlier this week.

  L. Further, Starlite also propounded Requests for Production, Set Two, seeking documents from Ingredion relating to its Cost-Smart Program and meeting minutes regarding the closure of the Stockton Plant.  Additionally, Starlite has propounded Special Interrogatories, Set One, which (among other things) ask Ingredion to explain the reasons for the closure of its Stockton Plant, as well as to identify the people with knowledge of and documents relating to the reasons for the closure.  Ingredion has refused to produce the documents sought by Requests for Production, Set Two, or provide substantive responses to Special Interrogatories, Set One (the "discovery dispute").

  M. Ingredion seeks to amend its Answer in order to waive its defenses of frustration of purpose (Sixth Affirmative Defense), impracticability (Seventh Affirmative Defense), economic impossibility (Eighth Affirmative Defense), obligations not contemplated by contract (Seventeenth Affirmative Defense), force majeure (Twenty-First Affirmative Defense), and justification (Thirty-Eighth Affirmative Defense) as applied to the Shuttle Agreement and the Master Carrier Agreement.

  N. Ingredion also seeks to amend its Answer in order to waive its defenses of denial of breach of contract (Tenth Affirmative Defense), and failure of conditions precedent (Sixteenth Affirmative Defense), as they apply to the Shuttle Agreement.

  O. Ingredion further seeks leave to amend its Answer to admit that its termination of the Shuttle Agreement prior to the termination date of December 31, 2021 was a breach of that agreement.

  P. Ingredion contends that these amendments to its Answer will narrow the issues in dispute and resolve the discovery dispute.

1  Q. Starlite contends that these amendments to Ingredion's Answer do not resolve the discovery dispute.

R. The Parties agree that, by entering into this stipulation, neither Party waives its respective position on whether or not Ingredion's amended Answer resolves the discovery dispute.

S. The Parties agree that whether and in what amount Starlight was damaged by the breach of the Shuttle Agreement remain issues in dispute.

T. The Parties agree that Ingredion's admission as to breach of the Shuttle Agreement shall not be deemed an admission as to any other breach, including breach of the Master Carrier Agreement.

U. Accordingly, the Parties have agreed to stipulate to the filing of Ingredion's First Amended Answer to Timmerman Starlight, Inc.'s First Amended Complaint in order to avoid motion practice on this issue.

## STIPULATION

**IT IS THEREFORE STIPULATED** by and between the parties, through their counsel of record that, subject to the Court's approval:

1. Ingredion hereby admits that its termination of the Shuttle Agreement prior to the termination date of December 31, 2021 was a breach of the Shuttle Agreement.

2. The Parties agree that whether and in what amount Starlite was damaged by the breach of the Shuttle Agreement remain issues in dispute in this action.

3. Ingredion's admission as to breach of the Shuttle Agreement shall not be deemed in and of itself an admission as to any other alleged breach, including breach of the Master Carrier Agreement.

4. Ingredion hereby withdraws its defenses of frustration of purpose (Sixth Affirmative Defense), impracticability (Seventh Affirmative Defense), economic impossibility (Eighth Affirmative Defense), obligations not contemplated

by contract (Seventeenth Affirmative Defense), force majeure (Twenty-First Affirmative Defense), and justification (Thirty-Eighth Affirmative Defense) as applied to the Shuttle Agreement and the Master Carrier Agreement.

5. Ingredion hereby withdraws its defenses of denial of breach of contract (Tenth Affirmative Defense) and failure of conditions precedent (Sixteenth Affirmative Defense), as they apply to the Shuttle Agreement.

6. Subject to the Court's approval, Ingredion may file its First Amended Answer to Timmerman Starlite Trucking, Inc.'s First Amended Complaint, a copy of which is attached hereto as Exhibit A.

7. Neither Party waives its respective position regarding the discovery dispute.

**IT IS SO STIPULATED:**

DATED: November 4, 2020            DOWNEY BRAND LLP

By: */s/ Meghan M. Baker*
(as authorized on Nov. 4, 2020)
MEGHAN M. BAKER (SBN 243765)
MICHAEL J. LAINO (SBN 326369)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone:  916.444.1000
Facsimile:   916.444.2100
mbaker@downeybrand.com
mlaino@downeybrand.com

Attorneys for Defendant/Plaintiff
TIMMERMAN STARLITE TRUCKING

| | | |
|---|---|---|
| 1 | DATED: November 4, 2020 | MEYERS, NAVE, RIBACK, SILVER & WILSON |

By: */s/ Janice P. Brown*
    JANICE P. BROWN (SBN 114433)
    jbrown@meyersnave.com
    ARLENE R. YANG (SBN 297450)
    ayang@meyersnave.com
    600 B Street, Suite 1650
    San Diego, CA 92101
    Telephone: 619.330.1700
    Facsimile: 619.330.1701

Attorneys for Plaintiff / Defendant
INGREDION INCORPORATED

**ORDER**

1. Ingredion Incorporated's First Amended Answer to Timmerman Starlite Trucking, Inc.'s First Amended Complaint shall be filed in Case No. 2:19-CV-01876-JAM-AC.

**IT IS SO ORDERED:**

DATED: November 6, 2020      /s/ John A. Mendez
                             THE HONORABLE JOHN A. MENDEZ
                             UNITED STATES DISTRICT COURT JUDGE